IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| United States of America, | ) | No. 3:14-MJ-00032-JDR |
| Plaintiff, | ) | |
| vs. | ) | AFFIDAVIT OF TFO GORDON DORR IN SUPPORT OF COMPLAINT |
| DAWUD AZIZI JOHNSON, | ) | |
| Defendant | ) | |

I, Gordon Dorr, being duly sworn, depose and state as follows:

1. I have been a law enforcement officer with the Anchorage Police Department since December of 1997, and have been conducting drug trafficking investigations as a detective since 2002. Since 2008 I have been assigned as a Task Force Officer with the Drug Enforcement Administration's interdiction group, and have been deputized as a federal officer during this assignment. During this assignment, I have focused on drug interdiction investigations, and have become familiar with the methods and practices commonly used by drug traffickers to introduce drugs into the state of Alaska, and likewise am familiar with methods used by traffickers to transmit drug proceeds from Alaska to sources of supply located outside Alaska.

2. On 1/22/14, US Postal Inspectors in Anchorage conducting a routine parcel sort identified Express Mail parcel EK 014689849 US as suspicious. The parcel was addressed to "Asha Rogers, 2413 Boniface Pkwy, Anchorage, AK 99504", from "Alisa Rogers, 3880 Ventura Wy, LV, NV 89121." The parcel was presented to a scent detection K-9 for examination. The K-9's handler reported that the K-9 gave a positive alert for the presence of the odor of controlled substances on or around the parcel.

1

3. US Postal Inspectors applied for and were granted federal search warrant 3:14-MJ-0028-JDR, authorizing search of the parcel. Pursuant to the execution of the warrant, inspectors seized approximately 464.2 gross grams of a white crystalline substance from the parcel, concealed within tissue paper, carbon paper, vacuum seal bags, and plastic wrap, all within a dual-wall insulation container. Inspectors conducted a presumptive field test of the crystalline substance for the presence of methamphetamine; the test yielded positive results. Based on my training and experience, I know that the above quantity of suspected methamphetamine is consistent with methamphetamine possessed for the purposes of distribution, and not for personal use.

4. Based on this information, US Postal Inspectors applied for and were granted a court order authorizing law enforcement officers to place an electronic monitoring device, a GPS tracking device, and imitation controlled substances in the parcel, and to deliver the parcel to the destination address, 2413 Boniface Parkway. The order allowed law enforcement to monitor the electronic monitoring device in order to determine when the parcel was opened, and then to enter and secure the location of the parcel in anticipation of further application to a court.

5. On 1/23/14, at approximately 1429, an undercover US Postal Inspector delivered the parcel to 2413 Boniface Parkway. Dawud JOHNSON was on foot in the driveway and met the inspector at the inspector's mailtruck as he pulled into the driveway. JOHNSON and the inspector walked to the entry of the residence, where JOHNSON signed a receipt for the parcel and carried the parcel into the residence. The postal inspector made positive identification of Dawud JOHNSON.

6. After approx. two minutes, JOHNSON was observed walking from the direction of the residence to the sidewalk. Agents watched JOHNSON as he walked the neighborhood, holding what appeared to be a cell phone and actively looking around the area. Agents watched JOHNSON walk back to the residence.

7. At approx. 1440, JOHNSON was again seen walking from the direction of the door to the residence to a black Tahoe which was parked in the driveway. JOHNSON was carrying the parcel and a blue and white duffel bag w/ a strap over his shoulder. I watched JOHNSON place the parcel and the duffle bag into the Tahoe.

8. Dawud JOHNSON then drove the black Tahoe from the driveway of residence. Agents followed JOHNSON as he drove West across Anchorage. While JOHNSON was stopped for a red light at the intersection of 36th Avenue and the New Seward Highway, agents received the alert tone from the break wire alarm, indicating the parcel had been opened.

9. After opening the parcel, JOHNSON pitched the outer parcel from the Tahoe as he drove. Agents followed JOHNSON as he drove to the parking lot of a convenience store located on 36th Avenue, parking at approx. 1457 and briefly entering the store. JOHNSON was detained. JOHNSON and the Tahoe were brought to the DEA building. Search of the Tahoe yielded the dual wall insulation container, and the sham methamphetamine. Among other items, the duffel bag was found to contain a computer and a .40 caliber Sig-Sauer semi-auto pistol with a charged magazine. The serial number on the pistol was SP0055857. Inquiry with the Alaska Public Safety Information Network (APSIN) shows that Dawud Azizi JOHNSON has felony convictions for Assault 2nd degree and Tampering w/ physical evidence from 6/1/98.

//

//

//

3

10. Based on the information provided herein, I submit there is probable cause to find that Dawud Azizi Johnson violated 21 U.S.C. 841(a)(1) (attempted possession of controlled substances with intent to distribute) and 18 U.S.C. § 924(c) (using or possessing a firearm during and in relation to a drug trafficking offense).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

/s/ Signature Redacted

Gordon Don
Task Force Officer
DEA

SUBSCRIBED AND SWORN TO before me this 24th day of January 2014, at Anchorage, Alaska.

/s/John D. Roberts, USMJ
Signature Redacted

JOHN D. ROBERTS
United States Magistrate Judge